**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**MADDOX ISAIAH CUMMINGS,**<br>**Defendant.** | **Case No. 26-CR-338-JFH** |

## OPINION AND ORDER

Before the Court is a Motion to Continue Jury Trial and Reset the Scheduling Order Dates ("Motion") filed by Defendant Maddox Isaiah Cummings. Dkt. No. 19. The Motion notes the United States of America ("Government") does not oppose the requested continuance. *Id.* at 1. For the reasons set forth below, Defendant's Motion is GRANTED.

Section 3161(h)(7)(A) of the Speedy Trial Act permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must set forth its reasons for granting an ends-of-justice continuance either orally or in writing and make findings on record that the continuance is in the best interest of the defendant and the public. *Id.* Among other factors, a court may consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv). The Tenth Circuit has emphasized, however, that the ends-of-justice continuance is intended to be a "rarely used tool" and should never be granted "cavalierly." *E.g.*, *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit reiterated that the ends-of-justice continuance is intended to be a rarely used procedural tool and accordingly limited the circumstances in which one could be granted. Movants must provide the district court with a sufficient record to determine why the facts stated in a motion to continue result in the need for additional time. *Id*. at 1271. Specific information must be provided regarding the need for continuance, and the district court may find that a hearing is necessary to appropriately consider the ends-of-justice. *Id*. at 1272-73. In every case, the district court must accord substantial weight to the public's interest in a speedy trial, recognizing that the public's interest is generally best served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

In this case, Defendant moves for additional time to receive and review newly requested discovery, continue active plea negotiations, and prepare defenses. Dkt. No. 19 at 2. The Court finds Defendant has executed a speedy trial waiver asking the Court to exclude any period of delay for an ends-of-justice continuance. Dkt. No. 20. In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends-of-justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Continue Jury Trial and Reset the Scheduling Order Dates [Dkt. No. 19] is GRANTED. The jury trial set for November 30, 2026, at 8:45 a.m. is stricken, and the following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 12/3/2026 | |
| Notices filed: | 12/3/2026 | |
| Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609 | | |
| Motions to dismiss for insufficient indictment filed: | 12/3/2026 | |
| Motions and objections to notices filed: | 12/10/2026 | |
| Absent good cause, motions in limine shall be filed by this date | | |
| Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | | |
| Pretrial conference: | 12/31/2026 | at 9:30 a.m. |
| Voir dire, jury instructions, stipulations, and trial briefs filed: | 1/15/2027 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 1/21/2027 | by 4:00 p.m. |
| Three hard-copy exhibit binders delivered to Court: | 1/21/2027 | by 4:00 p.m. |
| Jury trial: | 1/25/2027 | at 8:45 a.m. |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's CHAMBERS RULES.

IT IS FURTHER ORDERED that the time from November 30, 2026, inclusive, to January 25, 2027, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 18th day of November 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE